FILED'09 DEC 18 13:49USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal Case No. 08-99-KI |
| Plaintiff, | Civil Case No. 09-70022-KI |
| vs. | OPINION AND ORDER |
| **DAVID WINSOR,** | |
| Defendant. | |

Kent S. Robinson
Acting United States Attorney
District of Oregon
Gregory R. Nyhus
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Michael R. Levine
1001 SW Fifth Avenue, Suite 1414
Portland, Oregon 97204

    Attorney for Defendant

KING, Judge:

Before the court is defendant David Winsor's motion, under 28 U.S.C. § 2255, to vacate both his conviction for receipt of child pornography and his sentence of sixty months (#46). For the reasons set forth below, I grant the motion.

## PROCEDURAL BACKGROUND

On November 21, 2005, agents executed a search warrant on defendant's home upon information that he had purchased child pornography with his credit card. Defendant was indicted on February 27, 2008 with two counts of receipt of child pornography between May 2, 2003 and October 25, 2005 in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and one count of possessing child pornography between May 2, 2003 and October 25, 2005 in violation of 18 U.S.C. § 2252A(a)(5)(B).

On September 18, 2008, I denied defendant's motion to suppress, in which defendant challenged the affidavit submitted by police to obtain a warrant to search his residence. Defendant argued that the affidavit was padded with irrelevant information that led the magistrate to believe defendant possessed child pornography when in fact the affidavit contained insufficient facts supporting that conclusion. I agreed that the affiant neglected to attest that one website contained illegal images (www.darkfeeling.com) and failed to explain whether or how defendant accessed the other website (the Pedo Land website). I nevertheless upheld the warrant

Page 2 - OPINION AND ORDER

on the basis of the good faith exception, concluding that officers acted in good faith and in reasonable reliance on the warrant.

On December 2, 2008, defendant entered a guilty plea to one count of receipt of child pornography pursuant to a plea agreement. The parties agreed to recommend a 60-month sentence, the mandatory statutory minimum.

On April 30, 2009, I sentenced defendant to 60 months of incarceration, followed by a five-year term of supervised release. The government dismissed the second receipt charge and the possession charge. Defendant did not file a direct appeal.

Defendant filed this motion to vacate under § 2255 and I held an evidentiary hearing. The only evidence submitted by defendant was his affidavit. The government submitted no evidence.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

## DISCUSSION

Defendant argues he is entitled to relief under § 2255 because he was not provided with effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington,

466 U.S. 668, 687, 688 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. To establish the second prong of the Strickland test, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Defendant argues that his trial counsel failed to utilize United States v. Davenport, 519 F.3d 940, 947 (9th Cir. 2008). In Davenport, the Ninth Circuit concluded that convictions for receipt and possession of child pornography violate the Double Jeopardy Clause of the Fifth Amendment, which prohibits cumulative punishments for the same offense. Defendant contends his trial counsel did not tell him about Davenport and should have told him he could plead guilty to all three counts without a plea agreement; his plea to the possession and receipt charges would have resulted in double jeopardy. As a result of the double jeopardy concern, the court would have had to vacate either the possession conviction or the receipt conviction; the choice is left entirely to the district court. Ball v. United States, 470 U.S. 856, 866 (1985). By proceeding in this fashion, defendant could have attempted to persuade me to dismiss the count carrying the five-year mandatory minimum, and had I vacated the receipt charge, his counsel could have argued for a sentence below five years.

Defendant also contends his counsel was ineffective because he failed to tell defendant that he could preserve his right to appeal my denial of his motion to suppress by having a stipulated facts trial before the court.[1] He testified that he "very much wanted to appeal" this

---

[1] Defendant also argues that the government breached the plea agreement by including an enhancement request in its sentencing memorandum and that his counsel was deficient in not making use of the breach to withdraw from the plea agreement. The government corrected its

Page 4 - OPINION AND ORDER

court's Opinion on his motion to suppress and he could have done so had he been found guilty by the court in a stipulated facts trial. Aff. of David Winsor ¶ 1. He testified that his counsel never told him about the possibility of a stipulated facts trial.

I accept the defendant's arguments and I conclude that he was not provided with effective assistance of counsel. Defendant was facing a five-year mandatory minimum sentence for conviction on either of the receipt charges. This factor, together with the Opinion on his motion to suppress, should have caused defense counsel to explore any and all options. The Ninth Circuit issued Davenport on March 20, 2008, more than eight months before the entry of his guilty plea on December 20. According to Davenport, possession of child pornography "is a lesser included offense of the receipt of child pornography," and even the imposition of concurrent sentences does not change the fact that the court is not permitted to "impose[] a second and constitutionally impermissible conviction on [defendant] for the same conduct[.]" 519 F.3d at 947. Defense counsel had ample opportunity to ponder the effect of the case on defendant's strategy and at least discuss the option of pleading guilty to both receipt and possession with his client. Given the known general distaste for statutory mandatory minimum sentences of judges around the country, and the belief that sentences for these types of cases are too lengthy, a lawyer exercising reasonable professional skill and judgment would have counseled his client about this strategy. See U. S. Sentencing Comm'n, The History of the Child Pornography Guidelines 54 (2009) ("Sentencing courts have . . . expressed comment on the

---

error at the sentencing hearing, neither the parties nor I referenced the enhancement, and I did not rely on the misinformation in sentencing defendant. I do not consider this argument.

Page 5 - OPINION AND ORDER

perceived severity of the child pornography guidelines through increased below-guidelines variance and downward departure rates.").

The prosecutor argued at the evidentiary hearing that the grand jury indicted defendant with two counts of receipt and one count of possession, and that even if I were to dismiss one receipt charge for violating the Double Jeopardy Clause, the other would stand. Defense counsel, in turn, pointed out that the receipt charges are identical and should have been the subject of a motion to dismiss for multiplicity. An indictment is not multiplicitous if each count requires proof of a fact which the others do not. United States v. Roberts, 783 F.2d 767, 769 (9th Cir. 1985). In making that determination, the elements of the offense are determinative even if there is a substantial overlap in their proof. Id. Here, the counts as set forth in the indictment are identical, charging receipt of child pornography between the dates May 2, 2003 and October 25, 2005, and the government offered no argument that the charges were factually distinct.[2]

At the evidentiary hearing, I asked the parties if there was anything to stop the government from dismissing the possession charge in order to obtain a sentence on the charge carrying the mandatory minimum. After looking into the law, I conclude that there is a reasonable probability I would have denied such a motion. Federal Rule of Criminal Procedure 48(a) permits the government "with leave of court" to dismiss an indictment, information, or complaint. It is true that the government may move to dismiss after a guilty plea. See Rinaldi v. United States, 434 U.S. 22 (1977) (per curiam) (government may move to dismiss after jury

---

[2]Furthermore, the possession charge alleges possession of images for the same dates as alleged in both receipt charges–May 2, 2003 through October 25, 2005. The possession charge, then, on its face encompasses all of the images defendant is alleged to have received, and attempts to punish defendant for "the same conduct." Davenport, 519 F.3d at 947.

Page 6 - OPINION AND ORDER

conviction). Nevertheless, in evaluating any such motion to dismiss, one that unquestionably would be opposed by the defendant, the court "must be careful to safeguard [the defendant's] rights." United States v. Gonzalez, 58 F.3d 459, 462 (9th Cir. 1995); see also United States v. Patterson, 381 F.3d 859, 865 (9th Cir. 2004) (jeopardy attaches when court accepts plea of guilty; court "not free to vacate the plea either on the government's motion or *sua sponte*"). As a result, I would likely have denied such a motion.

Furthermore, with regard to the stipulated facts trial, again, defense counsel should have at the very least explored this option. The government does not contend it would have objected to such a procedure and I have seen it used a number of times.

On the second prong of the Strickland test, defendant has shown he was prejudiced by his counsel's failure to advise him of these options. With respect to the Davenport issue, the case law is clear, and was prior to defendant's entry of a guilty plea, that the decision as to which conviction to vacate lies entirely with the court. See United States v. Schales, 546 F.3d 965, 980 (9th Cir. 2008) (quoting Ball, 470 U.S. at 864) ("the only remedy consistent with the congressional intent is for the [d]istrict [c]ourt, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions."). Again, given the concern courts have shared about sentences on receipt and possession charges, defendant has shown with a reasonable probability that the court would have vacated the receipt conviction. See Strickland, 466 U.S. at 695 (may consider judge's approach with regard to first prong, but not to consider "particular judge's sentencing practices" on prejudice prong).

Had the court vacated the receipt charge, it is reasonably probable that defendant would have obtained a sentence lower than the statutory five-year mandatory minimum sentence.

Page 7 - OPINION AND ORDER

Without the benefit of the government's sentencing memorandum, defendant is not assured that a court would have imposed a sentence less than sixty months, but there is a reasonable probability of such. For example, a court might consider the following factors: he was 62 at the time of sentencing, the crime occurred more than four years ago, he is a professional engineer, he passed a polygraph confirming he has never had sexual contact with a child, and he had been attending therapy at the time of sentencing. Additionally, the indictment was brought on February 27, 2008, but agents executed the search warrant on November 21, 2005. A court might consider such a delay in determining the just and reasonable punishment to impose.[3] Thus, defendant has shown prejudice.

Defendant has also shown he was prejudiced when he entered a guilty plea without knowing about the option of a stipulated facts trial. Defendant must merely "'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Defendant resisted pleading guilty and testified that he would have chosen a stipulated facts trial over entering a guilty plea.

I note that "[e]ven the best attorney may render ineffective assistance," but I conclude that the two errors described above together constitute ineffective assistance of counsel. United States v. DeCoster, 487 F.2d 1197, 1202 n.21 (D.C. Cir. 1973).

---

[3] Although his sentencing occurred several months after this defendant's sentencing hearing, I suggest the parties consider the sentence I imposed in United States v. Wishart, CR 07-436-KI.

Page 8 - OPINION AND ORDER

## CONCLUSION

Defendant David Winsor's motion, under 28 U.S.C. § 2255, to vacate his conviction and sentence (# 46) is granted.

IT IS SO ORDERED.

Dated this ___18th___ day of December, 2009.

_____
Garr M. King
United States District Judge