UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,    Case No. 3:08-CR-00099-KI

        Plaintiff,

   v.    OPINION AND ORDER ON MOTION
        FOR BAIL PENDING APPEAL

**DAVID WINSOR**,

        Defendant.

   S. Amanda Marshall
   United States Attorney
   District of Oregon
   Jane H. Shoemaker
   Assistant United States Attorney
   1000 SW Third Avenue, Suite 600
   Portland, Oregon  97204-2902

      Attorneys for Plaintiff

Page 1 - OPINION AND ORDER ON MOTION FOR BAIL PENDING APPEAL

Michael R. Levine
1001 SW Fifth Avenue, Suite 1414
Portland, Oregon  97204

       Attorney for Defendant

KING, Judge:

Defendant David Winsor has been sentenced to 60 months, after entering a conditional guilty plea, on one count of receipt of child pornography and one count of possession of child pornography.  Pending before me is Winsor's Motion for Bail Pending Appeal [148].  For the following reasons, I grant the motion and continue his release pending appeal under the same terms.

## LEGAL STANDARDS

In order to issue a stay pending appeal, the court must find by clear and convincing evidence that the defendant is not likely to flee or to pose a danger to the safety of any other person or the community.  In addition, the appeal must not be for the purpose of delay and must raise a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.  18 U.S.C. § 3143(b).

Furthermore, because possession of child pornography is deemed a crime of violence under 18 U.S.C. § 3156(a)(4)(c), Winsor must show "exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c); <u>United States v. Garcia</u>, 340 F.3d 1013, 1014, n.1 (9th Cir. 2003).  Some of the exceptional reasons include:  (1) whether defendant's crime was an aberration; (2) whether he contributed significantly to society;

Page 2 - OPINION AND ORDER ON MOTION FOR BAIL PENDING APPEAL

(3) whether the nature of the crime is sufficiently dissimilar to others in the same category of crimes identified by the statute; (4) the length of the sentence; (5) whether there were circumstances that would "render the hardships of prison unusually harsh for a particular defendant;" (6) the benefit of an "uninterrupted course of treatment;" and (7) the effect of incarceration on the defendant's physical or mental health based on his characteristics. Garcia, 340 F.3d at 1019-20. Nevertheless, "[h]ardships that commonly result from imprisonment do not meet the standard." Id. at 1022. Instead, the "general rule must remain that conviction for a covered offense entails immediate incarceration. Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal." Id.

## DISCUSSION

I.  Flight Risk or Danger to the Community

The government concedes Winsor does not pose a flight risk or a danger to the community. He has been on release without issue since he was indicted in 2008. I find by clear and convincing evidence that, if continued on release status, Winsor is not likely to flee or to pose a danger to another or to the community.

II. Substantial Question of Law or Fact

A substantial question is one that is "fairly debatable," or "fairly doubtful." United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted). "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." Id. (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)). The court need not find that its ruling was wrong, just that it is "fairly debatable." A question not yet

Page 3 - OPINION AND ORDER ON MOTION FOR BAIL PENDING APPEAL

decided by controlling precedent can present a substantial question. Id. at 1281, 1283.

Winsor appeals: (1) the Court's finding of good faith upholding the search warrant of his residence, and (2) the Court's conclusion that there is no basis to suppress his confession.

### A. Search Warrant of Residence

The Court's decision to uphold the search warrant on the basis of good faith, when the affidavit was lacking in probable cause, is "fairly debatable" in that reasonable minds might differ about whether there was a "plausible connection" between Winsor's home and the child pornography found during the investigations of internet subscription services. While I am confident in my decision, it is possible the Ninth Circuit may disagree and I find his appeal raises a substantial question of law or fact. See, e.g. United States v. Grant, 682 F.3d 827 (9th Cir. 2012) (reversing district court's finding of good faith). The government concedes a reversal of the Court's opinion would affect Winsor's conviction. Relatedly, I find no evidence that Winsor is appealing solely for the purpose of delay.

### B. Confession

Similarly, since the Court's opinion finding no basis to suppress Winsor's confession is based on a number of factors, which may be interpreted differently by the appellate court, I find Winsor's appeal raises a substantial question of law or fact. Furthermore, I cannot say, as the government suggests, that a different decision would have no effect on Winsor's conviction when I have only the government's interpretation of the evidence on which to rely. Winsor suggests he has defenses he has not yet disclosed, and which have not yet been tested. See e.g., United States v. Craighead, 539 F.3d 1073 (9th Cir. 2008) (Ninth Circuit reversed and remanded when confession was given without Miranda warnings, even though it simultaneously upheld the

search warrant for computers found to contain child pornography). Again, there is no evidence Winsor is appealing solely to delay the case.

III.  Exceptional Reasons

Garcia set forth many of the factors I may consider in determining whether exceptional reasons support keeping Winsor out of prison while his appeal is pending. I am not limited to the factors recited in that case. Indeed, "Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.'" Garcia, 340 F.3d at 1018-19 (quoting Mozes v. Mozes, 239 F.3d 1067, 1073 (9th Cir. 2001)).

I am persuaded by the cases Winsor cites, namely, United States v. Watkins, No. 3:10-cr-73-J-32JBT, 2012 WL 1599836 (M.D. Fla. May 7, 2012), United States v. Szymanski, No. 3:08 CR 417, 2009 WL 1212249 (N.D. Ohio Apr. 30, 2009), and United States v. Reboux, No. 5:06-CR-451 (FJS), 2007 WL 4409801 (N.D.N.Y. Dec. 14, 2007). These district courts, all of which released a defendant convicted of child pornography-related offenses, identified some of the same factors present here. Specifically, Winsor's possession of images triggering this prosecution occurred over seven years ago, the government itself delayed the indictment for over two years, and the government did not consider a conditional plea earlier in the litigation. Importantly, he has been using his time wisely by attending therapy and volunteering in the community. In addition, Winsor is currently 66 years old and he is a passive person who may be a target in prison. The specifics of his convictions also suggest release is appropriate; he cooperated with the government, his actual conduct was non-violent, he has no criminal history, and no history of child abuse as confirmed by polygraph.

Page 5 - OPINION AND ORDER ON MOTION FOR BAIL PENDING APPEAL

## CONCLUSION

For the foregoing reasons, Winsor's Motion for Bail Pending Appeal [148] is granted.

IT IS SO ORDERED.

Dated this _____11th_____ day of September, 2012.

                                           /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge